IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>HOUSTON REGIONAL SPORTS NETWORK, L.P.<br><br>          Debtor. | Chapter 11<br><br>Case No. 13-35998 |

**COMCAST ENTITIES' OBJECTION TO THE APPROVAL
OF THE SOLICITATION AND VOTING PROCEDURES MOTION**

The Comcast Entities[1] hereby object to the Motion of Houston Regional Sports Network, L.P. for Entry of an Order (a) Approving the Disclosure Statement, (b) Scheduling a Hearing to Consider Confirmation of the Plan, [2] (c) Establishing Voting, Objection and Other Confirmation Related Deadlines, and (d) Approving Forms of Ballots and Solicitation Procedures [Dkt. # 499] (the "Solicitation Procedures Motion").

Following the filing of the Solicitation Procedures Motion, counsel for the Comcast Entities had discussions with Debtor's counsel regarding certain concerns the Comcast Entities have with the procedures described in the Motion. Those conversations have proceeded in good faith and although the issues have not yet been resolved, the Comcast Entities remain hopeful that the proposed order approving the Solicitation

---

[1] The four Comcast affiliates that initiated this proceeding are collectively referred to herein as "Comcast" or the "Comcast Entities." "Comcast Lender" refers to Houston SportsNet Finance, LLC, one of the Comcast Entities.

[2] "Proposed Plan" refers to the Amended Chapter 11 Plan Dated August 28, 2014 In Respect of Houston Regional Sports Network, L.P. proposed by the Debtor and the Teams. [Dkt # 506].

#86324631v5

Procedures Motion will be revised prior to the hearing to address the concerns articulated by the Comcast Entities.[3]

Nevertheless, there is a fundamental problem with the procedures described in the Solicitation Procedures Motion and their interrelation to the Debtor's proposed Amended Disclosure Statement[4] that the Debtor will not be able to address by simply revising the proposed order. Specifically, the Motion fails to provide for any process to review, evaluate, and if appropriate, object to, the quantum of Class 5 – Unsecured Claims that the Teams[5] intend to vote. In the absence of any such process, solicitation should not be permitted to proceed.

On August 28, 2014, the Plan Proponents filed the Amended Disclosure Statement which provides, among other things, an estimate of Unsecured Claims in Class 5 in the amount of $292,850,000 (up from a Disclosure Statement estimate of "at least $106,503,000"). Although the Amended Disclosure Statement is silent with respect to how this estimate was calculated, Comcast believes that this amount is substantially comprised of what the Teams believe their rejection damage claims would be if the Debtor is successful in rejecting the Media Rights Agreements.[6] Importantly, the Teams

---

[3] To the extent the Comcast Entities and the Debtor are unable to resolve any of these issues, the Comcast Entities reserve their rights to supplement this Objection at the hearing.

[4] "Amended Disclosure Statement" refers to the Amended Disclosure Statement Relating to the Amended Chapter 11 Plan Dated August 28, 2014 in Respect of Houston Regional Sports Network, L.P., proposed by the Debtor and the Teams. [Dkt # 506]. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Amended Disclosure Statement.

[5] The "Teams" refers collectively to "Astros" refers collectively to Houston Astros, LLC; Astros HRSN GP Holdings LLC; Astros HRSN LP Holdings LLC; Rocket Ball, Ltd; Rockets Partner, L.P.; and each of their affiliates.

[6] For example, footnote 5 of the Amended Disclosure Statement was revised as follows: "The amount of Estimated Unsecured Claims does not include ~~(i) any claim for rejection damages by the Astros and the Rockets relating to the Rockets Media Rights Agreement or the Astros Media Rights Agreement or (ii)~~ any unsecured deficiency claim owing to the Comcast Lender." *See* Notice of Filing of Redline (….continued)

2

#86324631v5

have not filed a proof of claim in this amount, nor are they required to do so until thirty days from the confirmation date. Plan §§ 12.1, 12.3. As a result, no party (including, apparently the Debtor) has *any* information regarding how the Teams calculated their purported claims, or sufficient information to object to these as-yet-unfiled claims. Yet, it would appear that the Teams may well receive ballots to vote these alleged claims in the amounts that they themselves calculated, without any prior disclosure whatsoever as to how the claims were calculated. Such a self-serving process by a Plan Proponent should not be approved.

As a threshold matter, with respect to claims related to the Media Rights Agreements, the Teams should be allowed only to vote as Unsecured Claims prepetition amounts owing under the agreements, as all other amounts that are or may become owing under the agreements are either non-voting administrative or priority claims (regardless of the Teams' unilateral efforts to convert them into classified claims entitled to vote) or are contingent, unliquidated or disputed claims. This result would conform with the proposed procedures related to "claims that are unliquidated, contingent and/or disputed in part" in paragraph 27(d) of the Solicitation Procedures Motion. Solicitation Procedures Motion ¶ 27(d).

Further, to enable the Debtor or the Comcast Entities to object for voting purposes to any of the Teams' claims, the order approving the Solicitation Procedures Motion

---

(continued….)
Versions of Chapter 11 Plan and Supporting Disclosure Statement, Exhibit B, p. 12 [Dkt # 507]. As set forth in Comcast Entities Objection to the Approval of the Disclosure Statement [Dkt # 502], Comcast was concerned that the purported rejection of the Media Rights Agreements (and simultaneous entrance into new Media Rights Agreements on substantially the same terms) is an abuse of the Debtor's rejection powers and an artifice designed solely to (i) argue that such rejection somehow impaired Comcast's perfected prepetition security interests and (ii) manufacture inflated insider claims to swamp Class 5. The Amended Disclosure Statement confirms that Comcast's concerns were justified on both counts.

3

#86324631v5

should be revised to provide for a claims objection deadline (for voting purposes only) and a separate deadline, at least 10 days earlier than the objection deadline, by which the Teams must provide the Debtor and the Comcast Entities with the amount of their voting claims and adequate information to determine the basis for the asserted amount.[7] The Comcast Entities propose the following respective deadlines:

| | |
|---|---|
| **September 8, 2014** | Deadline for Teams to provide Debtor and Comcast Entities with amount of voting claims and adequate information to support amount asserted. |
| **September 18, 2014** | Deadline for objections to claims for voting purposes only. |

The Proposed Disclosure Statement implies that Class 5 may contain as much as approximately $292 million in voting claims that have not been reviewed by any party in interest (other than the parties *both* asserting the Claims and co-proposing the Proposed Plan), including the Debtor. These respective deadlines will provide the Debtor and the Comcast Entities with sufficient time to analyze and, if necessary, object to these Claims and ensure fairness in the voting and Plan approval process.

---

[7] One of the items counsel for the Comcast Entities discussed with Debtor's counsel was the need for the order approving the Solicitation Procedures Motion to establish a general claims objection deadline (for voting purposes only) so that all claimants would have sufficient time to respond to any objections filed against their claims.

#86324631v5

Dated:  September 3, 2014

Respectfully submitted,

| | |
|---|---|
| Howard M. Shapiro<br>Craig Goldblatt<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>1875 Pennsylvania Avenue N.W.<br>Washington, D.C. 20006<br>Telephone:  (202) 663-6000 | */s/ Vincent P. Slusher*<br>Vincent P. Slusher<br>Andrew Zollinger<br>DLA PIPER LLP (US)<br>1717 Main Street, Suite 4600<br>Dallas, Texas 75201-4629<br>Telephone:  (214) 743-4500 |
| George W. Shuster, Jr.<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Telephone:  (212) 230-8800 | Arthur J. Burke<br>Timothy Graulich<br>Dana M. Seshens<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone:  (212) 450-4000 |